IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHERELYN F., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-1632-BN |
| § | |
| ANDREW SAUL, Acting § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cherelyn F. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

**Background**

Plaintiff alleges that she is disabled as a result of inflammatory arthritis, fibromyalgia, back pain, migraines, stiffness and swelling of the legs, as well as depression and anxiety occurring since June 6, 2017, the alleged date of onset. *See* Dkt. No. 18-1. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on March 19, 2019. *See* Dkt. No. 18-1 at 134. At the time of the hearing, Plaintiff was 53 years old. *See id.* She has a high school education and past work experience as an office administrator and operations coordinator. *See id.* at 136. Plaintiff has not engaged in substantial gainful activity since June 6, 2017. *See id.* at 137.

On April 29, 2019, the ALJ issued an unfavorable decision regarding Plaintiff's application for benefits, applying the five step sequential analysis. *See* Dkt. No. 18-1 at 125. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. *See id.* at 119. At step two, the ALJ found the medical evidence established Plaintiff suffered from severe impairment from "psoriatic and rheumatoid arthritis, fibromyalgia, and obesity and non-severe impairment from degenerative joint disease, lumbar spine degenerative disc disease, migraines, hypertension, osteopenia, genital herpes, insomnia, and history of opioid use disorder." *See id.* With respect to mental health, the ALJ noted that Plaintiff alleged suffering from anxiety and depression, but concluded these conditions were not medically determinable. *See id.* At step three, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal any impairment listed in the social security regulations. *See id.* at 121. The ALJ further determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the exception of all postural activities which she could do on an occasional basis. *See id.* at 125. Relying on the vocational expert's testimony, the ALJ found that Plaintiff was capable of resuming her past relevant work as an administrative assistant and, as such, had not been under a disability, as defined in the Social Security Act, from June 6, 2017 through the date of the decision. *See id.*

Plaintiff appealed the decision to the Appeals Council, which denied her request for review on May 7, 2020. *See* Dkt. No. 18-1 at 1. Plaintiff then filed this action in federal district court, challenging the hearing decision on the grounds that

2

(1) the ALJ failed to identify Plaintiff's anxiety and depression as medically determinable impairments ("MDI") at step two and thus did not properly consider their impact in the subsequent analysis; and (2) the ALJ's finding that Plaintiff's back impairment was non-severe is not supported by substantial evidence.

## Legal Standard

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo. See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* But the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand – the ALJ erred at step two in finding Plaintiff's depression and anxiety did not qualify as medically determinable impairments ("MDIs"), mistakenly concluding that these conditions were not supported by acceptable medical evidence.

The ALJ is required to "evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [they] have a medically determinable mental impairment(s)." 20 C.F.R. § 404.1520a(b)(2). Though relevant in identifying impairments, an individual's allegations of her symptoms are alone insufficient to establish an MDI. To be medically determinable, an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. And, only "acceptable medical sources," including physicians and psychologists, can opine as to the existence of an MDI. 20 C.F.R. §§ 404.1513(a)(1), 416.913(a)(1). In other words, the claimant must show objective medical evidence from an acceptable medical source to establish the existence of a medically determinable impairment that could reasonably be expected to produce her alleged symptoms. Social Security Ruling 16-3p.

Here, the ALJ concluded that Plaintiff's anxiety and depression were not MDIs because "the medical evidence does not include any psychological testing or other medically acceptable laboratory diagnostic techniques required to show psychological phenomena, or signs, symptoms, or laboratory findings indicating that the claimant

suffers from depression." Dkt. No. 18-1 at 120-21. The ALJ further notes that while Plaintiff received a diagnosis for major depressive disorder in January 2019, that diagnosis was made by a licensed professional counselor, which is not an acceptable medical source.

But the ALJ's analysis of Plaintiff's medical records appears to ignore the pertinent fact that, in addition to the diagnosis provided by the LPC, two treating psychiatrists examined Plaintiff, observed and reported that she appeared anxious and/or depressed, and prescribed or continued medications and therapies to treat those conditions. In September 2018, Dr. Jamal Rafique documented Plaintiff's demeanor as "sad," and observed that "[s]igns of moderate depression [were] present." Dkt. No. 18-1 at 802. He diagnosed her with specified depressive disorder, noted her history of depression, and prescribed Cymbalta and Elavil to continue treatment for depression. *See id.* In January 2019, Dr. Dan Steinfink conducted a mental status exam and reported depressed affect and mood, impaired attention and concentration, severe impairment to Plaintiff's social functioning, and mild impairment in her ability to provide self-care. *See id.* at 634. He diagnosed her with severe recurrent major depressive order and generalized anxiety disorder and approved transcranial magnetic stimulation ("TMS") as treatment. *See id.* at 635.

With respect to the first diagnosis, the Commissioner asserts that Dr. Rafique diagnosed Plaintiff with depression in the context of an intake assessment for inpatient substance abuse treatment and points out that when she was discharged 30 days later her diagnosis included only opioid use in remission. The Commissioner

7

argues that Plaintiff's depression thus does not meet the durational requirements of the Act, which provides that a claimant is entitled to benefits only if they are prevented from working due to an MDI that has lasted or can be expected to last continuously for at least a year. 42. U.S.C. § 1382c(a)(3)(a).

The potential merits of this argument for declining to consider Dr. Rafique's diagnosis are, however, beyond the reach of the Court, as it is not one the ALJ cited as a basis for his decision. "[T]e ALJ's decision must stand or fall with the reasons set forth in the [] decision." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). And where the reasons or explanation set forth in the decision are inadequate "the court is powerless to affirm the administrative decision by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery*, 332 U.S. 194, 196 (1947). The ALJ provides no discussion showing that he considered Dr. Rafique's report in concluding Plaintiff's depression and anxiety were not medically determinable, nor does he articulate his reasons for disregarding the diagnoses contained therein. In fact, the ALJ troublingly and incorrectly states in his decision that Plaintiff "was not diagnosed by an acceptable medical source" and cites this as evidence for giving the State Agency Medical Consultants' ("SAMCs") opinions that she had medically determinable mental impairments "little weight." Dkt. 18-1 at 124.

Regarding the second psychiatrist's diagnosis, the Commissioner appears to argue by implication that the ALJ correctly ignored Dr. Steinfink's opinion because "generally [Plaintiff's] mental status exams…were inconsistent with her allegations of depression." Dkt. No. 22 at 4. While the ALJ observes that "in general she was alert

8

and oriented to person, place, and time, her mood and affect were normal, her memory was normal, her concentration was normal, and her insight and judgment were normal" during her mental status exams, and notes that this fact contradicts her allegations of depression, he weighs these observations only against the depression diagnosis Plaintiff received from the LPC. Nowhere does the ALJ acknowledge or discuss that Plaintiff was also diagnosed by two psychiatrists, over a period of several months, who both concluded she had depression and anxiety and prescribed medications to treat those conditions.

The ALJ has a responsibility "to adequately explain [his] reasoning in making the findings on which [his] ultimate decision rests, and in doing so must address all pertinent evidence." *Gonzalez v. Berryhill*, No. 3:16-cv-1830-BN, 2017 WL 3492215, at *6 (N.D. Tex. August 17, 2017) (quoting *Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010)). Here, Plaintiff alleged symptoms of ongoing depression and anxiety over the course of several years. Two acceptable medical sources independently evaluated her and noted psychiatric signs indicating "abnormalities of behavior, thought, memory, orientation, development, or perception" suggesting anxiety and depression. This medical evidence, offered by acceptable medical sources, suggests medically determinable depression and anxiety. And, the fact that Plaintiff's depression and anxiety were treated with prescription medications and TMS also suggests the presence of MDIs. *See Scroggins v. Astrue*, 598 F.Supp.2d 800, 803 (N.D.Tex.2009) (finding that treating doctor's refilling of prescription medication provided evidence indicating an MDI). The ALJ failed to account for this pertinent

evidence in his analysis. Accordingly, the ALJ's determination that Plaintiff's depression and anxiety were not MDIs is not supported by substantial evidence or the applicable law.

Moreover, the ALJ's error was not harmless. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988)). Generally, "'[p]rocedural perfection in administrative proceedings is not required'" as long as "'the substantial rights of a party have not been affected.'" *Id.* (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)). But in this case the error was not harmless because the ALJ was required to consider all MDIs, determine their severity, and evaluate their impact at each step of the disability analysis. *See* 20 C.F.R. §§ 404.1545(a)(2)(3), 416.945(a)(2)–(3); *Henson v. Barnhart*, 373 F. Supp. 2d 674, 682 (E.D. Tex. 2005) ("The Commissioner unquestionably must consider all potential impairments"); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

And, even if, as the Commissioner implies, the ALJ would have found Plaintiff's mental impairments to be non-severe at step two, the ALJ would nonetheless have been required to proceed to step three considering whether Plaintiff's depression and anxiety combined with her severe impairments to meet or medically equal a listing; and to step four, taking into account the impact of her mental impairments on her residual functional capacity (RFC) to work. *See Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (The ALJ is "required to consider the combined effects of all impairments without regard to whether any such impairment,

10

if considered separately, would be of sufficient severity"). The ALJ's RFC determination, at which step he determined Plaintiff was not disabled, would conceivably been different had he considered the limitations Plaintiff testified she faces due to her depression and anxiety.

Accordingly, all of Plaintiff's mental and physical impairments must be considered in the ALJ's sequential analysis on remand.

## Conclusion

For the reasons explained above, the hearing decision is reversed, and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: February 22, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE